UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                :
**J.G.I.**,
                :
                Petitioner,     :  **MEMORANDUM DECISION AND ORDER**
                :
     – against –             :  26-CV-581 (AMD)
                :
**KENNETH GENALO,** in his official capacity as Field Office Director of New York, Immigration and Customs Enforcement; **TODD LYONS,** in his official capacity as Acting Director U.S. Immigrations and Customs Enforcement; **KRISTI NOEM,** in her official capacity as Secretary of Homeland Security; **PAM BONDI,** in her official capacity as Attorney General; and **ANTHONY J. LAROCCO**, in his official capacity as Sheriff of Nassau County, New York and Warden of the Nassau County Jail,

                Respondents.

------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

On February 1, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested and detained the petitioner as he left his house to go to the store. (ECF No. 1 ¶ 25.)[1] The petitioner is currently detained in the Metropolitan Detention Center ("MDC") in Brooklyn, New York. (ECF No. 8 at 2.) The petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The Court grants the petition, as explained below.

---

[1] The Court granted the petitioner's request to proceed anonymously on February 3, 2026. (ECF Nos. 3, 5.)

1

# BACKGROUND[2]

The petitioner is a 39-year-old asylum seeker from Guatemala. (ECF No. 1 ¶ 18.) He came to the United States from Guatemala in 2012, and entered the country without inspection. (*Id.*) ICE detained him on May 22, 2018, and placed him in removal proceedings. (*Id.* ¶ 19; ECF No. 8-1 ¶¶ 6–7.) According to the documentation that ICE prepared at the time, the petitioner was detained under 8 U.S.C. § 1226(a). (ECF No. 1 ¶ 19 (citing ECF No. 1-2 at 2).) On November 13, 2018, represented by counsel, he filed an I-589 Application for Asylum, Withholding of Removal, and protection under the Convention Against Torture based on his fear of returning to Guatemala. (*Id.* ¶¶ 20–21.) The immigration court held a § 1226(a) bond hearing the same day and granted bond in the amount of $6,000. (*Id.* ¶ 22; ECF No. 8-1 ¶ 12.)[3] He was released from immigration detention when the bond was paid. (*Id.* ¶ 22; ECF No. 8-1 ¶ 12.)

Since his release in 2018, the petitioner has lived on Long Island. (ECF No. 1 ¶ 23.) He continued his application for asylum in "non-detained" immigration court, and was preparing with counsel for his next hearing, scheduled for July 14, 2026. (*Id.*) The petitioner injured his knee in a fall and had surgery in July 2025. (*Id.* ¶ 24.) He has been going physical therapy appointments, but still has limited mobility and uses a cane, which has made it difficult for him to return to work. (*Id.*)

---

[2] The Court bases the discussion of the facts, which are undisputed unless otherwise noted, on the parties' submissions, including exhibits. *See Hyppolite v. Noem*, No. 25-CV-4304, 2025 WL 2829511, at *2 n.1 (E.D.N.Y. Oct. 6, 2025); *Munoz Materano v. Arteta*, No. 25-CV-6137, 2025 WL 2630826, at *1 n.1 (S.D.N.Y. Sept. 12, 2025).

The Court has reviewed all the submissions and finds that the petition "present[s] only issues of law." Accordingly, the Court can decide the petition without a hearing. *See* 28 U.S.C. § 2243 (directing courts to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require"); *see also Tumba Huamani v. Francis*, No. 25-CV-8110, 2025 WL 3079014, at *1 n.1 (S.D.N.Y. Nov. 4, 2025).

[3] The petitioner had one arrest, but the charges were dismissed. (ECF No. 1 ¶ 22.) The immigration judge considered the fact of the arrest in determining whether to grant a bond. (*Id.*)

At about 5:00 p.m. on February 1, 2026, the petitioner informed his Brooklyn Defender Services social worker that ICE agents arrested and detained him as he was going to the store. (*Id.* ¶ 25.) The social worker determined that he was calling from Nassau County Jail. (*Id.*) The petitioner was transferred to Delaney Hall Detention Facility in Newark, New Jersey, and then to the MDC in Brooklyn. (ECF No. 8 at 2 n.2.)

On February 2, 2026 — the day after the petitioner was detained — his counsel filed an emergency petition for habeas relief. (ECF No. 1.) The next day, the Court ordered the government to show cause why the petition should not be granted. (*ECF Order dated Feb. 3, 2026.*)[4] The government responded to the order to show cause on February 6, 2026. (ECF No. 8.)

## LEGAL STANDARD

A petition for a writ of habeas corpus under Section 2241 "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-CV-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Denmore v. Kim*, 538 U.S. 510, 516–17 (2003)).

---

[4] The Court also ordered the government not to remove the petitioner from the United States or transfer him out of the Eastern District of New York during the pendency of these proceedings. (*See ECF Order dated Feb. 3, 2026.*) At the time of the Court order, ICE had already scheduled the petitioner's transfer to Delaney Hall Detention Facility because the Nassau County Correction Center is a temporary staging facility. (ECF No. 8 at 2 n.2.) ICE subsequently placed a notification on an internal database reflecting the Court's order, and the petitioner was transferred to the MDC in Brooklyn. (*Id.*)

## DISCUSSION

In seeking a writ of habeas corpus, the petitioner alleges that his detention under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act ("INA") and violates due process because there has been no individualized review, and because the circumstances have not changed since he was released in 2018.

The Court finds, for the reasons stated in *Ye v. Maldonado*, No. 25-CV-6417, 2025 WL 3521298 (E.D.N.Y. Dec. 8, 2025), and in Judge Hector Gonzalez's decision in *O.F.B. v. Maldonado*, No. 25-CV-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), that the petitioner, who was released from ICE detention after a bond hearing in 2018, is currently being detained pursuant to 8 U.S.C. § 1226 and in violation of his rights to due process under the Fifth Amendment of the Constitution.[5] Furthermore, the Court finds that even if Section 1225 applied to the petitioner's detention, the petitioner was still entitled to due process before the government arrested him and detained him on February 1, 2026. Under either section of the INA, the government has unlawfully detained the petitioner since February 1, 2026 because it denied him due process. The "typical remedy" for "unlawful executive detention" is "of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The government's ongoing detention of the petitioner, in the face of this complete failure of process, entitles him to immediate release.

Accordingly, the petition for a writ of habeas corpus under 28 U.S.C. §2241 is granted. The government is directed to release the petitioner from custody immediately and within 24 hours of this Order. The government is further directed to return to the petitioner any and all funds or property seized from the petitioner at the time of arrest. The government is directed to

---

[5] Although the government disagrees with the Court's decision in *Ye*, it does not dispute that *Ye* "would control the result in this case . . . because, as in that case, ICE's detention of the Petitioner in this case is based on ICE's position as to the scope of 8 U.S.C. § 1225(b)(2)(A), and the Court rejected that position in *Ye*." (ECF No. 8 at 4.)

certify compliance with the Court's Order by filing a letter on the docket no later than 6:00 p.m. on February 7, 2026.  The Court further orders that the petitioner must not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  The deadline for the petitioner to apply for an award of reasonable fees and costs pursuant to the Equal Access to Justice Act is March 8, 2026.

## CONCLUSION

For these reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241, ECF No. 1, is granted.  The Clerk of Court is respectfully directed to enter judgment consistent with this Order and close the case.

**SO ORDERED.**

                                                 s/Ann M. Donnelly
                                          ANN M. DONNELLY
                                          United States District Judge

Dated: Brooklyn, New York
       February 6, 2026